UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 25-61437-CIV-DIMITROULEAS/HUNT

ZEPHYRIN VICTOR,

Plaintiff,

vs.

EL TIESTO CAFE GROUP CORP,
a Florida Corporation,

Defendant.
_______________________________________/

**REPORT AND RECOMMENDATION**

THIS CAUSE is before this Court on Plaintiff's Motion for Bill of Costs, ECF No. 32, and Plaintiff's Motion for Attorney's Fees and Non-Taxable Expenses and Costs, ECF No. 34. The Honorable William P. Dimitrouleas, United States District Judge, referred the Motions to the undersigned United States Magistrate Judge for appropriate disposition. ECF Nos. 33; 35; *see also* 28 U.S.C. § 636(b); S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the Motion, the record, and being otherwise fully advised in the premises, the undersigned hereby RECOMMENDS that the Motion for Bill of Costs be GRANTED IN PART and DENIED IN PART and that the Motion for Attorney's Fees be GRANTED.

**BACKGROUND**

This suit arises under Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189 ("ADA"). Plaintiff Zephyrin Victor ("Plaintiff"), a blind and visually disabled person, sued Defendant El Tiesto Cafe Group Corp ("Defendant"), the operator of three Dominican-Japanese fusion food restaurants, for violating Title III of the ADA through the operation of Defendant's website. ECF No. 1. Defendant defaulted, and this

Court issued a final judgment in Plaintiff's favor. ECF No. 31. Now, Plaintiff seeks an award of reasonable attorney's fees, non-taxable expenses, and costs. ECF Nos. 32; 34.

**ANALYSIS**

Plaintiff moves under 42 U.S.C. § 12205 for attorney's fees in the amount of $6,417.50 and non-taxable expenses in the amount of $1,500.00. Plaintiff also moves under 28 U.S.C. § 1920 and Rule 54(d) of the Federal Rules of Civil Procedure for taxable costs in the amount of $525.50. It is undisputed that Plaintiff is a prevailing party because a final default judgment was entered in his favor against Defendant.

**A. Attorney's Fees**

Section 12205 of the ADA authorizes a court, in its discretion, to "allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. "[A] prevailing plaintiff should ordinarily be awarded attorney's fees in all but special circumstances." *Bruce v. City of Gainesville, Ga.*, 177 F.3d 949, 951 (11th Cir. 1999) (applying Title VII standard for awarding prevailing party attorney's fees to ADA fee disputes (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978))).

There are no "special circumstances" present here under which this Court should not award Plaintiff his fees and costs. *Herrera v. Guaca-Mole-Texmex-Mim LLC*, No. 25-22974-CIV-BECERRA, 2025 WL 2790605, at *8 (S.D. Fla. Sept. 30, 2025) (awarding attorneys' fees and litigation expenses to plaintiff who won on default judgment). Thus, Plaintiff is entitled to an award of reasonable attorney's fees and non-taxable litigation expenses under 42 U.S.C. § 12205.

This Court uses the lodestar method to calculate reasonable attorney's fees, multiplying a reasonable hourly rate by the number of hours reasonably expended. *See*

*Norman v. House. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). A reasonable hourly rate for attorney's fees is determined by evaluating "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)); *see also Barnes*, 168 F.3d at 438 ("The significant disparity in their experience should be reflected in the rates awarded."); *Brown v. Sch. Bd. of Broward Cty.*, No. 08-61592-CIV-DIMITROULEAS, 2010 WL 3282584, at *3 (S.D. Fla. June 30, 2010) (reducing the requested hourly rate).

The movant bears the burden of proving the requested rate is consistent with prevailing market rates. *Norman*, 836 F.2d at 1299. In addition to evidence presented by the movant, "[a] court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)) (internal quotation marks omitted). Thus, even when the submitted evidence is deficient, a court has the power to make a fee award without the need of further pleadings or an evidentiary hearing. *Id.*

Moreover, "[a]n evidentiary hearing is unnecessary for issues about which the district court possesses sufficient expertise: 'Such matters might include the reasonableness of the fee, the reasonableness of the hours, and [the] significance of the outcome.'" *Thompson v. Pharmacy Corp. of Am.*, 334 F.3d 1242, 1245 (11th Cir. 2003) (quoting *Norman*, 826 F.2d at 1309). The primary issues here are the reasonableness of counsel's hourly rate and the reasonableness of the number of hours expended, matters over which this Court possesses sufficient expertise.

Plaintiff seeks an attorney's fees award in the total amount of $6,417.50. Plaintiff requests an hourly rate of $425.00 for 15.1 hours of work done by one attorney, Aleksandra Kravets. The Motion is supported by an affidavit from Ms. Kravets and billing records. ECF No. 34-1.

**1. Reasonable Hourly Rate**

When "determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,'" this Court must consider twelve factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.
>
> The reasonable hourly rate is defined as the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. The fee applicant bears the burden of establishing the claimed market rate. The Court may use its own experience in assessing the reasonableness of attorney's fees.

*Meyrowitz v. Brendel*, 16-81793-CIV-MARRA, 2018 WL 4440492, at *3 (S.D. Fla. Sept. 17, 2018) (internal quotations and citations omitted). Generally, "[a] reasonable hourly rate is one that is adequate to attract competent counsel in the relevant legal market, but yet does not produce a windfall to that attorney." *Hermosilla v. Coca-Cola Co.*, No. 10-21418-CIV-TORRES, 2011 WL 9364952, at *8 (S.D. Fla. July 15, 2011), *subsequently aff'd*, 492 F. App'x 73 (11th Cir. 2012) (citing *Blum v. Stenson*, 465 U.S. 886, 894–95 (1984)).

This Court has considered Ms. Kravets' affidavit and the twelve factors. Ms. Kravets has over nine years of litigation experience, including specialized experience in ADA civil rights cases. Based on that and her practice, reputation, and legal experience, Ms. Kravets's typical hourly rate for this type of ADA case is $450.00 per hour. However, Plaintiff indicates that he and his counsel will accept "an across-the board reduced rate" of $425.00 per hour for the time incurred in this particular litigation. ECF No. 34 at 11.

Comparable fee awards indicate that $425.00 is a reasonable rate. *See, e.g., Ariza v. Earth's Goddess Holistics & Juicebar, LLC*, No. 22-23522-CIV-MOORE, 2023 WL 6419426, at *3 (S.D. Fla. Sept. 28, 2023) (awarding experienced litigators an hourly rate of $425.00). Other judges in this District have already recognized that a higher hourly rate of $450.00 for similar work in ADA cases is reasonable. *See Fernandez v. Elevate Ent. Grp. LLC*, No. 24-81060-CIV-MIDDLEBROOKS, 2024 WL 5152159, at *10 (S.D. Fla. Dec. 17, 2024) ("The reasonableness of a $450.00 hourly rate is supported by other Southern District of Florida ADA decisions."). Accordingly, the requested "reduced" hourly rate of $425.00 is approved.

**2. Hours Reasonably Expended**

Upon determination of the hourly rate, a court must determine the reasonable number of hours expended in the litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Inquiry into the reasonable number of hours focuses on an attorney's exercise of "billing judgment," such as the attorney's exclusion of hours "that would be unreasonable to bill a client, and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel." *Barnes*, 168 F.3d at 428 (cleaned up). Fee applicants must exclude hours that were not "reasonably expended" or that are determined to be

"excessive, redundant, or otherwise unnecessary" from their fee calculations. *Hensley*, 461 U.S. at 434. "If the court concluded that the number of claimed hours is excessive, it may engage in 'an across-the-board cut,' so long as it provides adequate explanation for the decrease." *Galdames v. N & D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2001). Courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). The essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

According to Plaintiff, Ms. Kravets spent 15.1 hours working on the case. The billing records reflect a reasonable amount of time spent doing compensable tasks, such as preparing a Motion for Default Judgment. *See Ariza v. Pei Wei Asian Diner, LLC*, No. 25-23210-CIV-ALTONAGA/REID, 2025 WL 2791431, at *4 (S.D. Fla. Sept. 30, 2025) (finding that 13.5 hours is a reasonable amount of time to litigate an ADA case through default judgment). The undersigned finds the number of hours claimed to be reasonable.

**3. Lodestar Amount and Adjustment**

"[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010). The Supreme Court has specifically identified three circumstances that may justify a deviation from the lodestar amount: 1) "where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value, as demonstrated in part during the litigation"; 2) "if the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted"; and 3)

when there are "extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees." *Id*. at 554–56.

Here, the undersigned finds no reason to depart from the lodestar calculation in this case. Therefore, Plaintiff should be awarded for 15.1 hours of work by Ms. Kravets at a rate of $425.00 per hour. A straightforward calculation reaches the total attorney's fee award of $6,417.50.

**B. Non-Taxable Expenses**

As stated above, the ADA allows a court to award "litigation expenses" and "costs" to a prevailing party. 42 U.S.C. § 12205. Here, Plaintiff seeks "non-taxable litigation costs and/or expert expenses in the amount of $1,500.00." ECF No. 34 at 13. Plaintiff requests these expenses to cover "WebNG's services rendered in connection with auditing and testing [Defendant's] website and confirming the existence of significant deficiencies prior to this lawsuit being filed." *Id.* Plaintiff submits an invoice and other documentary exhibits to support his request. ECF No. 34-2.

"[E]xpert witness fees are ordinarily not taxable costs; however, pursuant to 42 U.S.C. § 12205 such fees may be taxed as litigation expenses in ADA cases." *Herrera v. APQ Coconut Grove FL, LLC*, 794 F. Supp. 3d 1280, 1299 (S.D. Fla. 2025) (citations omitted). The undersigned finds that the requested amount for expert services in this case is reasonable and should be awarded. *See Fernandez v. GS Aventura LLC*, No. 22-80653-CIV-SMITH, 2024 WL 1044972, at *9 (awarding expert fees of $4,275.00 as "reasonable and recoverable" litigation expense in ADA case). Accordingly, Plaintiff should be awarded $1,500.00 in non-taxable litigation expenses.

**C. Taxable Costs**

Plaintiff seeks $525.50 in costs awarded to the prevailing party. Rule 54(d) of the Federal Rules of Civil Procedure states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Rule 54 "creates a presumption in favor of awarding costs to the prevailing party which [the opposing party] must overcome." *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). The Court may tax costs for the following:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

In the instant case, Plaintiff represents that he incurred taxable costs in the amount of $525.50, consisting of the case filing fee in the amount of $405.00, service of process fees in the amount of $75.00, and costs for copies of documents that were obtained for use in this case for $45.50. The undersigned finds that the filing fee and copying fee are recoverable costs under 28 U.S.C. § 1920.

As to the service of process fee, the costs of service are routine expenses in litigation and compensable under 28 U.S.C. § 1920. However, when a Plaintiff uses a private process server such costs are recoverable "provided the rate charged does not exceed the cost of having a U.S. Marshal effect service." *EEOC v. W & O, Inc.*, 213 F. 3d 600, 624 (11th Cir. 2000). The current rate is "$65 per hour (or portion thereof) for each

item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3).

In this case, "Plaintiff provides no explanation why the Court should award costs for service above that amount." *Watson v. Sea Grill of Coral Gables, LLC*, No. 22-20601-CIV-MIDDLEBROOKS, 2022 WL 18108547, at *4 (S.D. Fla. Dec. 19, 2022), *report and recommendation adopted*, No. 22-20601-CIV-MIDDLEBROOKS, 2023 WL 34690 (S.D. Fla. Jan. 4, 2023); *see also Caplan v. C4S LLC*, No. 22-20285-CIV-ALTMAN/REID, 2023 WL 3026619, at *3 (S.D. Fla. Apr. 4, 2023) (awarding over $163.00 in process server fees only where plaintiff explained that process server was forced to make two different delivery attempts), *report and recommendation adopted*, No. 22-20285-CIV-ALTMAN/REID, 2023 WL 3026057 (S.D. Fla. Apr. 20, 2023). As these fees were incurred for service of one file including the summons and complaint, *see* ECF No. 32-1 at 5, the undersigned recommends that the service fees be reduced to $65.00. *See Kennedy v. Omegagas & Oil, LLC*, No. 17-80103-CIV-ROSENBERG/BRANNON, 2019 WL 6040301, at *2 (S.D. Fla. Jan. 8, 2019) (reducing $279.00 service fee request to $180.00), *report and recommendation adopted*, No. 17-80103-CIV-ROSENBERG/BRANNON, 2019 WL 6040306 (S.D. Fla. Jan. 24, 2019). In sum, Plaintiff should be awarded taxable costs in the amount of $515.50, consisting of the case filing fee in the amount of $405.00, service of process fees in the amount of $65.00, and copying costs that were obtained for use in this case for $45.50.

## RECOMMENDATION

Based on the foregoing, the undersigned RECOMMENDS that Plaintiff's Motion for Bill of Costs, ECF No. 32, be GRANTED IN PART and DENIED IN PART such that Plaintiff be awarded $515.50 in taxable costs. The Motion for Bill of Costs should otherwise be DENIED. The undersigned further RECOMMENDS that Plaintiff's Motion for Attorneys Fees, ECF No. 34, be GRANTED such that Plaintiff be awarded attorney's fees in the amount of $6,417.50 and non-taxable expenses in the amount of $1,500.00.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any Party may serve and file written objections to any of the above finding and recommendations as provided by the Local Rules for this district. 28 U.S.C. §636(b)(1); S.D. Fla. Mag. R. 4(b). The Parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** at Fort Lauderdale, Florida, this 28th day of July 2026.

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable William P. Dimitrouleas
All Counsel of Record